UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRANDON CAIN, # 490544

                Plaintiff,

                                                    Case Number 17-11852
v.                                               Honorable Thomas L. Ludington

ERICK BALCARCEL,

                Defendants.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING PETITION**

Plaintiff Brandon Cain is a state inmate currently confined at the St. Louis Correctional Facility. On June 7, 2017, Plaintiff filed a one-page pleading purporting to be a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* ECF No. 1. Because Petitioner's filing does not comply with Federal Rule of Civil Procedure 3, or Rules 2(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts, the matter will be dismissed without prejudice.

**I.**

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so vague or conclusory that they do not

"point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. The Supreme Court has held that, "[t]he logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief — the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Rules 2(c) and (d) of the Rules Governing Section 2254 Cases provide that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief. Petitioner's filing does not indicate the convictions Petitioner seeks to attack, nor does it state any claims or grounds for relief. The petition is therefore subject to summary dismissal without prejudice.

## II.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition should be dismissed without prejudice. A certificate of appealability will therefore be denied. Petitioner will also be denied leave to proceed in forma pauperis on appeal, because any appeal of this order could not be taken in good faith.

### III.

Accordingly, it is **ORDERED** that Petitioner Cain's Petition, ECF No. 1, is **SUMMARILY DISMISSED without prejudice.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 21, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager